1

2

3                                                                O

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11  CAC GROUP, INC., a Delaware    )  Case No. CV 12-00587 DDP (FFMx)
    corporation,                   )
12                                 )
                        Plaintiff, )  **ORDER DENYING PLAINTIFF'S EX**
13                                 )  **PARTE APPLICATION FOR A TEMPORARY**
          v.                       )  **RESTRAINING ORDER**
14                                 )
    MAXIM GROUP, LLC, a New York    )
15  limited liability company;     )
    EDWARD L. ROSE, an             )
16  individual,                    )  [Motion filed on 1/30/12]
                                   )
17                      Defendants. )
                                   )
18  _____  )

19       Presently before the court is Plaintiff's Ex Parte Application

20  for a Temporary Restraining Order ("TRO") restraining Defendants

21  from transferring any interest in a Promissory Note issued by third

22  party Genova Financial Group Ltd. ("Gerova").

23       Defendants are the beneficiaries of a Promissory Note("the

24  Note") issued by Gerova, which is organized in Bermuda.  Plaintiff

25  alleges that on December 29, 2011, the parties entered into an

26  agreement, under which Plaintiff would purchase the Note for

27  $250,000.  (Complaint ¶¶ 12-13.) Defendants dispute that an

28  agreement was reached.  (Opposition at 7.)  On January 12, 2012,

Defendant Edward L. Rose, Defendant's Vice President and General
Counsel, informed Plaintiff that Defendants had found another buyer
for the Note, and would not be transferring the note to Plaintiff.
(Declaration of Alex. M. Weingarten in Support of Ex Parte
Application for TRO ¶ 20).  Plaintiff proceeded to file the instant
suit, and now seeks a TRO preventing Defendant from transferring
the Note to the new buyer.

    A temporary restraining order is meant to be used only in
extraordinary circumstances.  To establish entitlement to a TRO,
the requesting party must show (1) that he is likely to succeed on
the merits, (2) that he is likely to suffer irreparable harm in the
absence of preliminary relief, (3) that the balance of equities
tips in his favor, and (4) that an injunction is in the public
interest.  Winter v. Natural Res. Defense Counsel, 129 S.Ct. 365,
374 (2008).  A TRO may be warranted where a party (1) shows a
combination of probable success on the merits and the possibility
of irreparable harm, or (2)raises serious questions and the balance
of hardships tips in favor of a TRO.  See Arcamuzi v. Continental
Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987).  "These two
formulations represent two points on a sliding scale in which the
required degree of irreparable harm increases as the probability of
success decreases."  Id.  Under both formulations, however, the
party must demonstrate a "fair chance of success on the merits" and
a "significant threat of irreparable injury."[1]  Id.

---

    [1] Even under the "serious interests" sliding scale test, a
plaintiff must satisfy the four Winter factors and demonstrate
"that there is a likelihood of irreparable injury and that the
injunction is in the public interest."  Alliance for the Wild
Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).

1    As an initial matter, it does not appear to the court that
2  Plaintiff's counsel ever notified Defendants of this application. A
3  court may issue a temporary restraining order

> without written or oral notice to the adverse party or its
> attorney *only if*: (A) specific facts in an affidavit or a
> verified complaint clearly show that immediate and irreparable
> injury, loss, or damage will result to the movant before the
> adverse party can be heard in opposition; and (B) the movant's
> attorney certifies in writing any efforts made to give notice
> and the reasons why it should not be required.

8  Fed. R. Civ. P. 65(b)(1) (emphasis added); See also C.D. Cal. L.R.
9  7-19.1.  Basic principles of due process generally require the
10 adverse party to have notice and opportunity to be heard.  Where
11 the party seeking relief has had significant notice of the
12 impending harm, it is inimical to the spirit and intent of those
13 due process notions – as well as basic concepts of fairness – for a
14 plaintiff to take an approach which avoids any chance of
15 determination on the merits.  Plaintiff has not provided an
16 explanation for its failure to provide notice to Defendant.

17    Furthermore, Plaintiff fails to adequately show that it is
18 likely to suffer irreparable harm in the absence of a TRO.
19 Plaintiff has invested $5 million in Gerova.  (Application at 1,
20 9).  Plaintiff suggests that it sought to acquire the Note at issue
21 here in order to protect Gerova from potential creditors and, by so
22 doing, protect Plaintiff's $5 million investment.  (App. at 7.)
23 Plaintiff asserts that the new purchaser of the Note is a business
24 adversary of Gerova, and that the new purchaser will use the Note
25 to drive Gerova out of business by forcing it into involuntary
26 insolvency and unwinding in Bermuda.  (App. at 2).  Plaintiff
27 further asserts that it "will potentially be destroyed because it

28

1   will lose all, or substantially all of its Gerova investments."

2   (App. at 8.)

3        Plaintiff does not provide any explanation of how, aside from

4   its potential role in larger adversarial business schemes, the Note

5   is itself unique or why money damages would be an insufficient

6   remedy for Defendants' alleged breach.  Though Plaintiff's

7   insolvency might constitute irreparable harm, that outcome is

8   highly uncertain, as Plaintiff implicitly acknowledges by arguing

9   that, even if Plaintiff's speculative scenario plays out as

10  described, Plaintiff "will potentially be destroyed."  Furthermore,

11  it does not appear to the court that a TRO is necessary to halt the

12  transfer of the Note to the new buyer.  As Plaintiff itself points

13  out, the Note contains an anti-assignment clause.  (App. at 8-9).

14  In other words, the Note cannot be transferred to the new buyer (or

15  any other buyer) without Gerova's consent.  In seeking a TRO,

16  Plaintiff asks that this court restrain Defendant from doing

17  something that, by Plaintiff's own admission, Defendant cannot

18  itself do.  Under such circumstances, Plaintiff cannot show that it

19  will suffer irreparable harm in the absence of preliminary relief.

20       For the reasons stated above, Plaintiff's Application for a

21  Temporary Restraining Order is DENIED.

22

23  IT IS SO ORDERED.

24

25

26  Dated: February 2, 2012

27                                    DEAN D. PREGERSON
                                      United States District Judge

28

4