O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CAC GROUP, INC., a Delaware corporation, | ) ) ) | Case No. CV 12-00587 DDP (FFMx) |
| Plaintiff, | ) ) | **ORDER TRANSFERRING CASE** |
| v. | ) ) | |
| MAXIM GROUP, LLC, a New York limited liability company; EDWARD L. ROSE, an individual, | ) ) ) ) ) | [Dkt. No. 20, 21] |
| Defendants. | ) ) | |

Presently before the court is a Motion to Dismiss First Amended Complaint or Transfer filed by specially appearing Defendants Maxim Group LLC ("Maxim") and Edward L. Rose ("Rose"). Having considered the submissions of the parties and heard oral argument, the court grants the motion in part, transfers the case to the Southern District of New York, and adopts the following order.

**I.   Background**

Defendant Rose is the Vice President and General Counsel of Defendant Maxim. Both Rose and Maxim reside in New York. (FAC ¶

2-3.) Plaintiff CAC Group, Inc. ("CAC") is a Delaware corporation with a principal place of business in California. (FAC ¶ 1.) Defendant Maxim is the beneficiary of a promissory note (the "Note") issued by a third-party, Gerova Financial Group Limited ("Debtor"). (FAC ¶ 11; Opp. at 1.)

On December 16, 2011, Plaintiff CAC entered into negotiations with Maxim to purchase Maxim's interest in the Note. (FAC ¶ 11.) Approximately two weeks later, on December 29, 2011, CAC and Defendant Rose held a telephone conference. (FAC ¶ 14.) During that conversation, Rose, on behalf of Maxim, agreed to sell the Note to CAC. (FAC ¶ 15.) That same day, CAC's counsel sent an e-mail to Rose stating:

> To confirm, CAC Group has agreed to purchase the Note and any and all claims Maxim has against Debtor for $250,000. CAC and Maxim will execute a Claims Purchase Agreement and Maxim and Debtor will execute a separate settlement agreement whereby Debtor will give Maxim a full release and general waiver and Debtro willconsent to the assignment of the Note to CAC.

(FAC ¶ 15.)

Rose did not respond until January 3, 2012, when he inquired as to the status of the paperwork. CAC responded by sending Rose a "current version" of the documents. (FAC ¶ 16.)

A little over a week later, on January 12, 2012, Rose indicated to CAC that, though Rose believed Maxim and CAC had reached an agreement, Maxim would not be transferring the Note to CAC. (FAC ¶¶ 17-18.) Instead, Maxim sold the note to Defendant Aramid Entertainment Fund ("Aramid").

In the FAC, CAC alleges causes of action for breach of written and oral contract and injunctive relief against Maxim. CAC also

alleges a cause of action for negligent misrepresentation against Rose and Maxim and a cause of action for tortuous interference with contract against Aramid. Rose and Maxim now move to dimiss the FAC or, in the alternative, transfer the case to the Southern District of New York. Aramid separately moves to dismiss the FAC.

## II. Discussion

A. Personal Jurisdiction

Rose and Maxim assert that this court lacks personal jurisdiction over them. The parties agree that this court does not have general jurisdiction over Rose or Maxim. To determine whether specific jurisdiction exists, courts look to whether a defendant performs some act within the forum or "purposely avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws." <u>Doe v. Unocal Corp.</u>, 248 F.3d 915,923 (2001). Courts also look to whether the claim at issue arises out of defendant's forum-related activities and whether the exercise of jurisdiction would be reasonable. (<u>Id.</u>)

Here, the analysis of the relevant factors is, to some extent, bound up in the merits of the dispute. CAC argues that Defendants purposely availed themselves of the privilege of doing business in California by entering into an agreement to sell the Note to CAC. Defendants, however, dispute that any such agreement was made. The only fact upon which the parties agree is that Rose engaged in negotiations with Alex Weingarten ("Weingarten"), counsel for CAC.

///

///

3

Weingarten also represented Debtor Gerova, a Bermuda corporation. (Dec. of Edward L.Rose p. 5,7; Rose Dec. Ex. D). According to Rose, Maxim never solicited offers for the Note. (Id. ¶ 5.) Rather, upon Debtor's default, Weingarten himself proposed that Maxim sell the Note to another of Weingarten's clients, CAC. (Id.) During the course of the negotiations, Rose asked to speak with someone from CAC. (Id. ¶ 8.) Weingarten informed Rose that he did not think anyone from CAC would speak with Rose. (Id.) Rose never spoke with anyone from CAC. (Id.)

Even if, as the FAC alleges, Rose entered into an agreement with CAC, it does not appear that Rose had any knowledge that CAC, a Delaware corporation, was a California resident. Thus, on the record currently before the court, the court cannot conclude that Rose or Maxim purposely availed themselves of the benefits of conducting business in California. Under such circumstances, it would be unreasonable for this court to exercise jurisdiction over Rose or Maxim, and specific personal jurisdiction is lacking.

B. Transfer

Where personal jurisdiction is lacking, a court may either dismiss the case or transfer the case to a district in which the case could have been brought. 28 U.S.C. Sec. 1406; See also Ravelo Monegro v. Rosa, 211 F.3d 509, 513 n.2 (9th Cir. 2000); Nelson v. Int'l Paint Co., 716 F.2d 640, 643 n.4 (9th Cir. 1983) ("[A] claim may be transferred under section 1406(a) where venue in the transferor court is proper, but personal jurisdiction over the defendant cannot be obtained there . . . .").[1]

---

[1] Some courts have held that, where personal jurisdiction is
(continued...)

Here, the interests of justice dictate that this case should be transferred to the Southern District of New York. As discussed above, Maxim and Rose have very limited contacts with California, and may be sued in New York. To the extent that communications between Aramid and Maxim are or may become relevant, that evidence, the format and extent of which is as yet unknown, is located in New York. (Rose Dec. ¶ 17.)

Most importantly, the very validity of the Note, which is itself governed by New York law, is currently at issue in a case already pending in the Southern District of New York between Maxim and Debtor Gerova, which continues to be represented by Weingarten.[2] (Request for Judicial Notice, Ex. A.)  As explained in this court's earlier order, CAC sought to acquire the Note in large part to protect CAC's separate $5 million investment in Gerova. (See Order Denying Plaintiff's Application for a Temporary Restraining Order, Dkt. No. 13, at 3.)  CAC itself points out that the validity of the Note is important "not only because of the inherent and specific nature of the underlying agreement between Maxim and Gerova, but because of the power of the Note and its holder over the financial affairs of CAC." (Reply at 20.)  The

---

[1](...continued)
lacking, transfer is more (or equally) appropriate under 28 U.S.C. § 1631. See, e.g., Hernandez v. Campbell, 204 F.3d 861, 865 n.6 (9th Cir. 2000); Kennedy v. Phillips, No. C11-1231 MJP, 2012 WL 261612 at *4 (W.D. Wash. January 30, 2012); Harmon v. RAR Enterprises, Inc., No. CV 10-01813-PHX, 2011 WL 2175063 at *3 (D.Ariz. June 3, 2011). Other courts have also found personal jurisdiction irrelevant to transfer under 28 U.S.C. § 1404(a). See, e.g., Editorial Planeta Mexicana, S.A. de. C.V. v. Argov, No. 2:11-CV-1375-GMN, 2012 WL 3027456 at *2 n.4 (D.Nev. July 23, 2012). Under all three provisions, however, transfer is only appropriate where it serves the interest of justice.

[2]

extent of the Note's power, and its impact on CAC, will likely be affected, if not determined, by the New York litigation. Accordingly, this case should be transferred.

**IV.  Conclusions**

For the reasons stated above, the motion filed by Defendants Rose and Maxim is GRANTED, in part. The case is TRANSFERRED to the United States District Court for the Southern District of New York. IT IS SO ORDERED.  Defendant Aramid's Motion to Dismiss is VACATED.

Dated: July 31, 2012

                                             DEAN D. PREGERSON
                                             United States District Judge